IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AHMAD LAFTA,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:24-cv-00527-RP-SH |
| STATE OF TEXAS, ET AL.,<br>*Defendants* | §<br>§<br>§<br>§ | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed May 16, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

**I.   Background**

On November 21, 2016, Plaintiff Ahmad Lafta was evicted from his apartment pursuant to a Writ of Possession and Judgment issued by a Travis County, Texas Justice of the Peace Court. Dkt. 1; *Holdings LP, LLC d/b/a Connection v. Lafta*, No. C-1-CV-16-006533 (Co. Ct. at Law No. 2 Sept. 18, 2016). More than seven years later, Plaintiff filed this suit against the county; his landlord, Roscoe Properties; a Roscoe Properties employee; and the State of Texas ("Defendants"). Plaintiff asks this Court "to reconsider" the Travis County Justice of the Peace Court's rulings in

1

his 2016 eviction proceedings, alleging that his equal protection and due process rights were violated. Dkt. 1 at 6. Plaintiff seeks $500,000 in monetary damages and to file his Complaint without having to pay the filing fee. Dkt. 2.

## II.     Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. A plaintiff need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A court's determination of whether a party may proceed *in forma pauperis* must be based solely on economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Based on Plaintiff's representations in his financial affidavit, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff also is advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed Plaintiff's claims in the Complaint under 28 U.S.C. § 1915(e)(2) and recommends that his suit should be dismissed. Accordingly, service on Defendants should be withheld pending the District Court's review of this recommendation.

### III.   Frivolousness Review Under Section 1915(e)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2).

**A. Standard of Review**

In 1892, Congress enacted the *in forma pauperis* statute, now codified at 28 U.S.C. § 1915,

> to ensure that indigent litigants have meaningful access to the federal courts. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To prevent such abusive litigation, § 1915(e) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds often are made *sua sponte* before process issues, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable factual basis if the

facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28)). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the plaintiff's pro se status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.  Plaintiff's Lawsuit Should be Dismissed Under Section 1915(e)**

Plaintiff challenges the Travis County Justice of the Peace Court's rulings and judgment entered in his eviction proceedings in September 2016. Dkt. 1. This Magistrate Judge recommends that his Complaint should be dismissed as frivolous because the Court lacks subject matter jurisdiction to adjudicate this matter under the *Rooker-Feldman* doctrine.

This *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citation omitted). Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts framed as civil rights suits. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.") (cleaned up). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Id.*

Plaintiff attempts to challenge the validity of a state court eviction order, which constitutes an impermissible federal collateral attack on a state court civil order or judgment. Eviction "is a matter governed by state, not federal, law." *Hoffhine v. Turturo*, No. 5:20-CV-713-JKP-RBF, 2021 WL 2878560, at *1 (W.D. Tex. Feb. 22, 2021), *R. & R. adopted*, 2021 WL 2878557 (W.D. Tex. Mar. 11, 2021). Plaintiff cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the *Rooker-Feldman* doctrine. *Wilkerson v. Hoff*, No. 3:21-CV-00136-KC, 2021 WL 3186125, at *4 (W.D. Tex. July 28, 2021); *DeVilbiss v. Jackson*, No. SA-20-CV-00878-OLG-EBC, 2020 WL 5249246, at *3 (W.D. Tex. Sept. 3, 2020), *R. & R. adopted*, 2020 WL 10054537 (W.D. Tex. Oct. 29, 2020). Moreover, Plaintiff's related claims regarding alleged equal protection and due process violations are inextricably intertwined with the state court eviction order. Accordingly, this suit is barred by the *Rooker-Feldman* doctrine and should be dismissed as frivolous. *See Gonzales v. Janssen*, No. H-

21-2580, 2021 WL 3639666, at *2 (S.D. Tex. Aug. 17, 2021) (dismissing complaint challenging civil court eviction order as frivolous where suit was barred by *Rooker-Feldman* doctrine).

## IV.     Order and Recommendation

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Plaintiff's lawsuit under 28 U.S.C. § 1915(e).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 3, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE